IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00500-PSF-MEH

AIG LIFE INSURANCE COMPANY,

    Plaintiff,

v.

ACEN L. PHILLIPS;
AMERICAN CHURCH UNITED;
MT. GILEAD BAPTIST CHURCH;
MT. GILEAD BAPTIST CHURCH YOUTH JOB MART; and
NEW BIRTH TEMPLE OF PRAISE COMMUNITY BAPTIST CHURCH,

    Defendants.

## ORDER ON MOTION TO STAY

This Matter is before the Court on Defendants Acen L. Phillips and American Church United's Motion for Stay Pending Completion of Criminal Proceedings (Dkt. # 58), filed on June 21, 2007. Plaintiff AIG Life Insurance Company ("AIG") filed a response on June 29, 2007 (Dkt. # 61), and defendants replied on July 9, 2007 (Dkt. # 62). Having reviewed the parties' submissions and the applicable law, the Court enters the following Order.

**I.    BACKGROUND**

AIG filed this lawsuit alleging insurance fraud on March 13, 2007 against American Church United ("ACU"), a non-profit membership organization; Phillips, who is ACU's President; and three church organizations associated with ACU. *See* Compl. (Dkt. # 1) ¶ 1; Def.s' Mot. at 2. AIG's claims stem from ACU's purchase of a group life

insurance policy from AIG, which was effective April 1, 2005 and terminated by AIG on November 30, 2006.  Compl. ¶¶ 9, 15.  AIG alleges that defendants made false statements and submitted false records to AIG with respect to several life insurance claims of which defendants were beneficiaries.  *Id.* ¶¶ 16–17.  Defendants' alleged fraud includes "filing false claims on behalf of individuals who were never ACU members, altering beneficiary forms to increase Defendants' shares of the proceeds, and providing and keeping phony enrollment and payment records."  *Id.* ¶ 22.

AIG brings causes of action against defendants for violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") and its state counterpart, as well as claims of common law fraud, civil conspiracy, civil theft, and breach of contract.  Defendants ACU and Phillips filed an answer to AIG's complaint on May 25, 2007 (Dkt. # 39); however, Defendants Mt. Gilead Baptist Church, Mt. Gilead Baptist Church Youth Job Mart, and New Birth Temple of Praise Community Baptist Church did not file a responsive pleading, resulting in a clerk's entry of default against them on May 29, 2007 (Dkt. # 44).

Simultaneously with AIG's civil action, the United States Attorney for the District of Colorado and the Colorado Attorney General have been conducting criminal investigations into the alleged conduct underlying the insurance fraud claims.  Def.s' Mot. at 3 & Exs. A & B thereto.  Shortly before the underlying motion to stay was filed, the Attorney General's Office purportedly advised Phillips's criminal defense attorney that "the State will be filing criminal charges against Acen Phillips directly relating to the

2

subject matter outlined in whole or in part" in this civil action. Lozow Aff., Ex. A to Def.s' Mot., ¶ 10.

## II.   MOTION TO STAY

Defendants Phillips and ACU seek a stay of this action pending completion of the criminal proceedings against Phillips.  They argue a stay is warranted to protect Phillips's Fifth Amendment rights and "to enable ACU to defend itself notwithstanding Phillips'[s] invocation of his right against self incrimination."  Def.s' Mot. at 4.

### A.   Applicable Law

Federal courts may in their discretion stay a civil action pending the completion of parallel criminal proceedings if the interests of justice so require.  *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003); *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). Determining whether a stay is appropriate generally requires balancing the interests of the plaintiff "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived."  *In re CFS*, 256 F. Supp. 2d at 1236 (citing *In re Worldcom, Inc. Secs. Litig.*, 2002 WL 31729501, at *3 (S.D.N.Y. Dec. 5, 2002)).

In weighing these interests, courts in this circuit have considered the following six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 1236–37; *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, Slip Copy, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006). Courts may also consider alternatives to a general stay of the action, such as "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." *In re CFS*, 256 F. Supp. 2d at 1236.

### B.    Analysis

Applying the above six factors, the Court finds that a limited stay of discovery with respect to Defendant Phillips is warranted, but declines to enter a general stay of the action.

#### 1. *Overlap of Issues*

AIG does not dispute that there is substantial overlap between the civil and criminal proceedings. *See* Pl.'s Resp. at 3 (arguing that such an overlap "is simply a necessary but not a sufficient condition for a stay"). Accordingly, this factor weighs in favor of a stay.

#### 2. *Status of Case*

This inquiry generally focuses on whether the criminal case is in the pre- or post-indictment stage. A stay is more likely warranted if an indictment has already been issued because (1) "'the likelihood that a defendant may make incriminating statements

is greatest after an indictment has issued,'" and (2) "'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *M.D. Diet*, 2006 WL 2471524, at *1 (quoting *Transworld*, 886 F. Supp. at 1139). In this case, no indictment has yet been issued against Phillips; however, according to defendants' motion, the Attorney General's Office has stated that criminal charges will be filed "within a matter of weeks." Def.s' Mot. at 7. Because criminal charges appear imminent, the risk to Phillips of being asked to make potentially incriminating statements is high, while there is little countervailing risk that the underlying action would be postponed indefinitely. Thus, the lack of an indictment does not weigh against entering a limited stay in this action.

### 3. Plaintiff's Interests

AIG of course has an interest in the "expeditious resolution" of its case. *Transworld*, 886 F. Supp. at 1140. AIG also contends that staying the case could harm its ability to recover from defendants. *See In re CFS*, 256 F. Supp. 2d at 1239 (noting that "[d]elay could impact the Plaintiffs' ability to collect on a judgment and be made whole"). The Court recognizes that this is a legitimate concern for all plaintiffs; however, to the extent AIG suspects dissipation of assets by defendants, the Court notes that at this point there is no indication that such conduct is occurring. In addition, a limited stay of discovery will at least allow plaintiff to proceed with its case and will thus cause less prejudice to plaintiff than a stay of the entire action.

### *4. Defendants' Interests*

Defendant Phillips has an obvious interest in "avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case" because of the adverse inference that can be drawn when a party invokes his Fifth Amendment rights in a civil proceeding. *Transworld*, 886 F. Supp. at 1140; *In re CFS*, 256 F. Supp. 2d at 1239.  The interests of ACU, however, are less clear.  Defendants argue:

> Phillips is the only person affiliated with ACU with sufficient knowledge to respond to the factual allegations made by AIG.  Hence, if this case proceeds while criminal charges are pending against Phillips and Phillips continues to refuse to answer specific allegations based on Fifth Amendment privilege, ACU will be greatly impaired in its ability to respond to the allegations against it.

Def.s' Mot. at 9.  Plaintiff responds that "ACU, as an entity with no Fifth Amendment privilege against self-incrimination, should not benefit from Phillips'[s] intention to assert his own individual privilege."  Pl.'s Resp. at 7.

At this stage of the proceedings, the Court is unpersuaded by defendants' argument regarding ACU's ability to defend itself.  First, Phillips's Fifth Amendment rights will in no way impair ACU's ability to respond to document requests. Corporations and other "collective entities" like ACU are not protected by the Fifth Amendment.  Significantly, because a "corporate custodian" holds corporate or entity records "in a representative rather than a personal capacity," he "may not resist a subpoena for corporate records on Fifth Amendment grounds."  *Braswell v. United States*, 487 U.S. 99, 109–10 (1988).  Thus, a custodian's act of production of corporate

6

documents (even if that custodian is Phillips) is deemed an act of the entity, and the Fifth Amendment privilege does not apply. *Id.*

Defendants' concerns have more merit with respect to testimonial discovery like answers to interrogatories and deposition testimony. The Supreme Court has implied that postponing discovery may be appropriate when a demand for testimonial discovery has been addressed to an entity and no one can respond "without subjecting himself to a 'real and appreciable' risk of self-incrimination." *United States v. Kordel*, 397 U.S. 1, 9 (1970). At this point, however, as no demands have been made, it is impossible to determine under *Kordel* whether there is any authorized person who could respond to such hypothetical demands on ACU's behalf without the possibility of self-incrimination. The Court recognizes that Phillips is the central figure of AIG's allegations, and it could very well be that, depending on the substance of AIG's discovery requests, Phillips will be the only one capable of responding to any number of them. Nevertheless, given the limits of Fifth Amendment protection with respect to ACU, a general stay of the action is an overly broad remedy. Finally, even Phillips's Fifth Amendment rights will not be impaired by plaintiff's engaging in discovery of third parties, which is another indication that a remedy more limited than a general stay is appropriate.

### 5. *Interests of the Court*

This factor does not weigh strongly either for or against a stay. On the one hand, "[t]he Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS*, 256 F. Supp. 2d at 1241. On the other hand, resolution of the criminal case may (1) increase the possibility of settlement of the civil

case, and (2) "may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." *Transworld*, 886 F. Supp. at 1140.

### 6. Public Interest

Plaintiff argues that the public has an especially strong interest in the prompt resolution of this case because "the cost of insurance fraud is eventually taken on by the public." Pl.'s Resp. at 7 (quoting *State Farm Mut. Auto. Ins. Co. v. Bekham-Easley*, 2002 WL 31111766, at *4 (E.D. Pa. Sept. 18, 2002)). The Court finds that allowing plaintiff to partially proceed with discovery, along with the parallel criminal prosecution, will adequately protect the public interest.

### 7. Conclusion

After balancing the competing interests at stake in this case, the Court holds that a partial stay of discovery is appropriate. Plaintiff will not be permitted to take any discovery of Defendant Phillips, unless voluntarily agreed to, until the criminal proceedings against him are completed or until further Order of this Court. Plaintiff may proceed with discovery of the remaining defendants and third parties. To the extent ACU is unable to respond to certain discovery requests without Phillips's testimony, the Court will consider a motion for protective order at that time.

## III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Pending Completion of Criminal Proceedings (Dkt. # 58) is GRANTED IN PART and DENIED IN PART in accordance with this Order. It is ORDERED that, unless voluntarily agreed to,

discovery of Defendant Acen L. Phillips is STAYED pending completion of the criminal case against him or until further Order of this Court.  It is further ORDERED that plaintiff may proceed with discovery against the remaining defendants and third parties as set forth above.

DATED:  July 20, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge